GREGORY, APPELLANT, *v.* THE STATE OF OHIO, APPELLEE.

(No. 3173—Decided July 5, 1967.)

*Mr. Daniel Shell*, for appellant.

*Mr. Lee C. Falke*, prosecuting attorney, and *Mr. Andrew J. Niekamp*, for appellee.

CRAWFORD, P. J. The state moves to dismiss this appeal from a ruling adverse to the plaintiff-appellant's petition to vacate the judgment and conviction against him. The ground of the motion is that, counsel advises, plaintiff is now on parole and no longer in custody, so that the issue before the court is moot. Counsel further advises that plaintiff was still in custody when this appeal was perfected.

As a matter of legal procedure, this court cannot, in this appeal on questions of law, determine from the record when or whether an appellant was granted a parole. However, the question presented being apparently one of first impression, we shall endeavor to dispose of it.

The memorandum accompanying the motion makes reference to Section 2953.21, Revised Code, which provides the post-conviction remedy. There is no citation of other authority.

That section of the Code provides, in part, that:

"A prisoner in custody under sentence and claiming a right to be released on the ground that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a verified petition at any time in the court which imposed sentence, stating the grounds relied upon, and asking the court to vacate or set aside the sentence."

As stated in the legislative note to the above section in Page's Ohio Revised Code, that provision was made to provide a better and more orderly method than habeas corpus for protecting constitutional rights of individuals.

The procedure is made available specifically to "A prisoner in custody." Whether the ultimate relief provided is custodial only has apparently not as yet been decided by the courts.

The appellant would benefit from a favorable outcome of this appeal: being on parole, he is still subject to parole regulations and liable to further imprisonment in case of their violation; his record of conviction is a serious handicap; if improperly convicted, he may have positive causes of action. Yet a successful appeal from the judgment of conviction would accomplish as much or more than could be hoped for from the present appeal.

The question, therefore, is what the statute has provided. It gives the appellant a right to file his petition while in custody.

It does not specifically impose a requirement that he remain in custody in order to pursue it.

The present cause having been properly instituted, and vital issues being still involved, we are reluctant to declare it moot. In the absence of a contrary declaration by the Supreme Court, we are inclined to the view that the motion to dismiss the appeal is not well taken.

However, this conclusion should not be interpreted to mean that a parolee can institute an action under the authority of Section 2953.21, Revised Code.

A parolee is in legal custody (Section 2967.01 (E), Revised Code), but he is no longer a prisoner. By statutory definition, a prisoner is a person who is in "actual confinement." Section 2967.01 (H), Revised Code.

The permissive nature of the postconviction procedure, and the repeated use of the term "prisoner" in Sections 2953.21 and 2953.22, Revised Code, precludes those not within the meaning of that descriptive term.

The instant motion will be overruled.

*Motion overruled.*

KERNS and SHERER, JJ., concur.